```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**TOMMY KINGYON,**

                       **Petitioner,**

               **v.**                              **CASE NO. 12-3038-SAC**

**DAVID R. McKUNE,**
**Warden, et al.,**

                       **Respondents.**

### O R D E R

      This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas. The filing fee has been paid.

      The available record shows that Mr. Kingyon was convicted by a jury in the District Court of Wyandotte County, Kansas, of Murder, Aggravated Assault, Aggravated Robbery, Aggravated Battery, Theft ($150.00 or more), and Unlawful Possession of Firearms. He alleges that he was sentenced on October 10, 1984, to "Life, plus." He directly appealed his conviction, and the Kansas Supreme Court affirmed on May 10, 1985. See State v. Kingyon, 237 Kan. 402, 699 P.2d 538 (Kan. 1985).

      On July 15, 2009, Mr. Kingyon, filed a state post-conviction motion pursuant to K.S.A. § 60-1507[1] in the Wyandotte County District Court, which was denied without a hearing. He

---

[1] This state petition was identical to one filed by Mr. Kingyon's co-defendant, Mr. Johns. Mr. Johns has also filed a federal petition identical to this petition in Johns v. McKune, Case No. 12-3037, that is also pending before this court.

appealed the denial to the Kansas Court of Appeals, which affirmed on May 20, 2011. The Kansas Supreme Court denied his Petition for Review on October 24, 2011. See Kingyon v. State, Dist.Ct. Case No. 09 CV 1232 (Kansas Appellate Courts App.No. 103411 consolidated with 103409).

It appears from the face of this Petition that it is time-barred. The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

The Kansas Supreme Court affirmed Mr. Kingyon's conviction on direct appeal on May 10, 1985. The statute of limitations for federal habeas petitions was not effectuated until April 24, 1996. It is well-settled that for state prisoners whose convictions became final before that effective date, the one-year statute of limitations does not begin to run until April 24, 1996. Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Thus, the one-year statute of limitations period in which Mr. Kingyon was required to file a federal habeas corpus petition challenging his 1984

convictions or sentence began to run on April 24, 1996. Unless this limitations period was tolled in some manner, it expired a year later on April 24, 1997.

There is nothing in the Petition or the record before the court to suggest that Mr. Kingyon had a tolling-type state post-conviction action pending between April 24, 1996, and April 24, 1997. The one post-conviction motion he did file in state court had no tolling effect because it was filed on July 15, 2009, years after the federal limitations period had already expired, and was pending until the Kansas Supreme Court denied review on October 24, 2011.[2] It follows that Mr. Kingyon is not entitled to additional statutory tolling.

Nor does Mr. Kingyon allege sufficient facts to establish that his case falls under the circumstances enumerated at § 2244(d)(1)(B) through (D)[3] so that he is he is entitled to a later

---

[2] In Mr. Kingyon's state post-conviction proceedings, the state appellate court found as follows:

> Here, Johns' and Kingyon's convictions were affirmed by the Kansas Supreme Court in State v. Johns, 237 Kan, 402, 699 P.2d 538 (1985). . . . Johns' and Kingyon's motions were indeed untimely filed under K.S.A. 60-1507(f) because they were not filed until July 15, 2009—some 24 years after the Supreme Court's ruling. Neither movant argued manifest injustice to the district court as a possible reason to entertain their untimely motions.

Kingyon v. State, 251 P.3d 673, *1, 2011 WL 2040242 (Kan.App. May 20, 2011)(Table).

[3] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State

3

start date for the limitations period.  Petitioner's bald allegations of newly discovered evidence and intervening change in the law are refuted by the findings in the appended order of the state district court judge.[4]  The court assumes the issues Mr. Kingyon raises in his federal Petition are the same as those raised

---

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4]     Petitioner attaches a copy of the decision of Judge Groneman on Johns and apparently his 60-1507 petitions, which is dated October 22, 2009.  Therein, the Judge found that an evidentiary hearing was not required and no legal or factual issue raised in the petition required the appointment of counsel.  The judge further found:

> Petitioner's motion which was filed on July 15, 2009, raised three issues, none of which were raised on his direct appeal which was decided by final order on May 10, 1985 . . . .
>
> * * *
>
> The three issues raised by the petitioner have been known to him since the time of his conviction and sentencing.  The petitioner argued unsuccessfully in his direct appeal that K.S.A. 21-3401 did not extend to acts committed "in flight from a dangerous felony" (issue 1).  Ms. McNeary's testimony concerning the leniency extended to her in exchange for her testimony, whether erroneous or not, has been known to the petitioner since he heard her testimony dur his trial (issue 2).  If as plaintiff claims he never read or reviewed the presentence report before sentencing, he had to have been aware of this fact since he was sentenced (issue 3).  The petitioner offers no explanation for the unreasonable delay of 24 years to raise these three issues.

Petition (Doc. 1) Attach. 1: Johns v. State, Case No. 09-CV-1211 (Wyan.Co.Dist.Ct. October 22, 2009) at 2.  Judge Groneman explicitly discusses each of these holdings in more detail in this order.

4

in his state post-conviction motion.[5]  If they are not the same, then it would appear that he has not exhausted the claims in his federal Petition.  The state district court denied petitioner's claims as untimely.[6]  However, the judge also found that even if the motion had been timely filed, that court's review of the three issues raised, "the court file and all documents constituting the record in this case, show( ) the petitioner is not entitled to relief. . . ."  In denying each of these claims, the state district court convincingly reasoned that these claims were known to petitioner at the time of his conviction and sentence, and thus could have been raised on direct appeal.

Since petitioner is not entitled to additional statutory tolling or a later start date, he must allege facts demonstrating his entitlement to equitable tolling.  Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert.

---

[5] In his federal Petition, Mr. Kingyon's claims are difficult to comprehend.  It appears that he claims (1) an intervening change in "procedural law" after his direct appeal, (2) the State withheld the terms of its plea agreement with Rosemarie McNeary from the Jury/defense during her testimony, (3) the presentence investigation report (psi) was not provided to defense counsel and the defendant at least ten days before sentencing, and (4) the state habeas court erred in denying petitioner's 60-1507 petition without appointing counsel and with an evidentiary hearing.

[6] The state district judge held that pursuant to K.S.A. 60-1507(f) any action brought under K.S.A. 60-1507 must be filed within one year of "the final order of the last Appellate Court in this State to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction," and that Mr. Kingyon's state petition was not filed within that time frame.  The 60-1507 petition was therefore "deemed untimely" and dismissed.

denied, 531 U.S. 1194 (2001).

Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). In addition, complaints regarding post-conviction counsel do not entitle a petitioner to equitable tolling. As the Tenth Circuit explained in Hallcy v. Milyard, 387 Fed.Appx. 858, 860 (10th Cir. 2010)(unpublished):[7]

> The Supreme Court has recently affirmed that § 2244(d)'s limitations period is subject to equitable tolling. Holland v. Florida, 78 U.S.L.W. 4555, No. 09-5327, 2010 WL 2346549, at *9 (U.S. June 14, 2010). But, in doing so, the Court also affirmed that a habeas petitioner seeking equitable tolling must clear a high hurdle. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (Citations omitted.).

Id. at 859.

Petitioner's allegations in his Petition regarding timeliness are nothing more than the restatement of some of his claims, interspersed with bald allegations of manifest injustice,

---

[7] Unpublished opinions are not cited herein as binding precedent, but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

newly discovered evidence, and intervening change in the law.[8] They are clearly not sufficient to show either than he diligently pursued his claims or that he is legally entitled to equitable tolling.  He will be given an opportunity to state facts establishing that he is entitled to equitable tolling.  If he fails to present such facts within the time provided, this action will be dismissed as time-barred.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to allege facts showing his entitlement to equitable tolling or to otherwise show cause why this action should not be dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2012, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[8] In response to the question on timeliness in his federal Petition, Mr. Kingyon states that K.S.A. 60-1507(F)(2) and Kan.S.Ct. Rule 183 allow "a Manifest Injustice claim to be raised at any time" and that the issue of manifest justice is now before this court as an exception to the federal court time-bar. He also states that he "presented newly discovered evidence that could only be presented upon the change in the Kansas laws/Supreme Court ruling." In addition, he states "Intervening Change in Kansas Laws/Procedural Laws."